FILED
June 14, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003563120

GIOVANNI ORANTES – State Bar No. 190060
**ORANTES LAW FIRM**
3435 Wilshire Blvd., Suite 1980
Los Angeles, CA 90010
Telephone: (888) 619-8222 x101
Facsimile: (877) 789-5776

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 11-31791-A-7 |
| GURDIYAL SINGH DHILLON and DILPREET KAUR DHILLON, | Chapter 7 Proceeding |
| | Motion No. GO-1 |
| | **MOTION FOR ORDER TO COMPEL TRUSTEE TO ABANDON BUSINESS** |
| Debtors. | **HEARING** |
| | DATE: July 11, 2011<br>TIME: 10:00 A.M.<br>PLACE: **United States Bankruptcy Court 501 I Street, 7th Floor Courtroom 28 Sacramento, California 95814** |

COMES NOW, Debtors, Gurdiyal Singh Dhillon and Dilpreet Kaur Dhillon, moves the above-entitled court for an Abandonment of Debtors' own trucking operation.

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtors' business consists of operating a truck and holding one-third of a near-worthless farm. Debtors' request this court enter an order compelling the Chapter 7 Trustee to abandon the Business.

## II.

## FACTUAL BACKGROUND

1. Gurdiyal Singh Dhillon and Dilpreet Kaur Dhillon, are the debtors in the above-captioned Chapter 7 case.

2. The Debtors own and operate their own truck. The truck is a 2005 Century Freighterliner which had approximately 820,000 miles as of the petition date and 830,000 as of this time (the "Truck"). In addition, the Debtors own one third of a farm with a value of $1,000 (collectively, the "Business")

4. As of the date of this Motion, the duly appointed Trustee, J. Michael Hopper, has not administered such business or the property of such business.

6. Debtors assert that obtaining an Order of abandonment is in their best interest as it will allow the debtors to protect the truck and their farm.

WHEREFORE, Debtors request the following relief:

1. An Order of Abandonment of Debtors' interest in the business known as of operating their Business.

2. Such other and further relief as the court deems just and proper.

//
//
//
//
//

## III.

## THE COURT SHOULD COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON THE DEBTORS' BUSINESS TO ALLOW THE DEBTOR'S TO PROTECT THE BUSINESS AND THE PROPERTY OF SUCH BUSINESS.

11 U.S.C. § 554 outlines the circumstances under trustee may be compelled to abandon a debtor's business:

> **11 USC § 554. Abandonment of property of the estate**
>
> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) [sic--reference to previous subsection; now 521(a)(1)] of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
>
> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

In the instant case, the Debtors have scheduled the value of their Business as minimal, and believe that the Business is of inconsequential value and benefit to the estate in that there is no equity in such property in excess of the Debtors' exemptions. Furthermore, as of the date of this Motion, the duly appointed Trustee, J. Michael Hopper, has not administered such business or the property of such business.

Debtors assert that obtaining an Order of abandonment is in their best interest as it will allow the Debtors to protect the Business and the property of the Business. As such, Debtors' pray this court enters an order of abandonment of property of the estate pursuant to 11 U.S.C. §554.

//

-3-

## V.

## CONCLUSION

In conclusion, the Debtors request the Court to enter an Order for Abandonment of the Debtor's Business. As the business is of inconsequential value and benefit to the estate and it will allow the Debtors to protect the Business and property of the Business and achieve the fresh start the Bankruptcy Code intends.

DATED: June 14, 2011          **ORANTES LAW FIRM**

By: _____
Giovanni Orantes